## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Firas M. Ayoubi (R66956) ) | |
| ) | |
| Plaintiff, ) | No. 20 C 5665 |
| ) | |
| v. ) | Hon. Virginia M. Kendall |
| ) | |
| United States of America, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's request to dismiss this lawsuit without prejudice [10] is denied. For the reasons discussed below, the Court dismisses this lawsuit with prejudice. Having brought this action, Plaintiff remains obligated to pay the full filing fee, 28 U.S.C. § 1915(b)(1), as well as all outstanding filing fees. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). This matter is referred to the Executive Committee with a recommendation that Plaintiff be barred from filing further actions in this Court until he has paid in full all outstanding fees. Case closed.

## STATEMENT

Illinois prisoner Firas M. Ayoubi initiated this lawsuit against the United States of America, a postal employee, and several private individuals and entities because, he says, the postal employee participated in a scheme to steal his identity. Plaintiff did not pay the Court's filing fee when he submitted his complaint. Instead, he applied for leave to proceed *in forma pauperis*. He acknowledged in his application that he has "struck out" under 28 U.S.C. § 1915(g) but asserted that he should be allowed to proceed *in forma pauperis* because "of the substantial liklihood [sic] of further damage to my credit, finances, personal information, and the liklihood [sic] of retaliation by" postal employee Aldridge. Dkt. 3, pg. 3.

By order dated October 1, 2020, the Court denied Plaintiff's application to proceed *in forma pauperis* because his assertion of imminent danger was frivolous. *See* Dkt. 8. The Court also ordered him to pay the full statutory filing fee of $400.00 and show good cause in writing and under oath why this case should not be dismissed for his frivolous assertion of imminent danger. *Id.* Plaintiff responded to the show cause order, Dkt. 9, but subsequently asked the Court to dismiss the case without prejudice to reinstatement because he "do[es] not have the necessary funds to initiate the case," Dkt. 10.

Plaintiff cannot avoid—by requesting a dismissal without prejudice, *see* Dkt. 10—the consequences of his frivolous invocation of the imminent danger exception to 28 U.S.C. § 1915(g). *See Nelson v. Napolitano*, 657 F.3d 586, 588-89 (7th Cir. 2011) (explaining that a plaintiff's ability to voluntarily dismiss a lawsuit does not divest the Court of the ability to sanction the litigant). It is well-established that a prisoner who is covered by section 1915(g) must prepay the filing fee

when initiating a lawsuit, *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999), unless the prisoner is under imminent danger of serious physical injury. The sanction for initiating a lawsuit without prepayment of the filing fee is immediate dismissal of the lawsuit. *Id.* An assertion of "imminent danger" presupposes a good faith basis for the assertion; the Federal Rules of Civil Procedure require nothing less. *See* Fed. R. Civ. P. 11(b). Absent a good faith basis for requesting an exception to section 1915(g), the prisoner has, in effect, initiated a lawsuit that is subject to immediate dismissal.

Plaintiff asserted in response to the show cause order that he "truely belived [sic] at the time that the threat of physical harm or danger coupled with the threat of retalliation [sic], and further damage to my credit and name would meet the threshold requirements to satisfy imminent danger." Dkt. 9, pg. 1. He continued: "In the complaint and the motion for TRO I underscored that this woman [the postal worker], her husband and the unk conspirator are connected to organized street gangs (vice lord organization). They have reach in the IDOC prisons and outside. I alleged the attempt by her husband to direct other vice lord members in the prison to forcibly search my property and take papperwork I have that implicates his wife (the USPS employee). His attempt was unsuccessful . . . ." Dkt. 9, pg. 1-2 (verbatim). Plaintiff, however, alleged no such facts in his complaint or motion for temporary restraining order. He also alleged no other facts from which the Court could plausibly infer that the Defendants to this lawsuit could cause him "imminent danger of serious physical injury."

Plaintiff is incarcerated at the Dixon Correctional Center. His complaint and motion for temporary restraining order concern purported identify theft and debt collection efforts outside the prison. *See* Dkt. 1, 6. He cannot avoid the consequences of his frivolous assertion of imminent danger by repackaging this lawsuit in an implausible theory that the named Defendants—*i.e.*, the United States of America, corporate entities and their employees, and a postal worker from Indiana—through their purported association with vice lord gang members, put him in imminent danger of physical harm within the prison. *See Ayoubi v. Dart*, 640 Fed. App'x 524, 528 (7th Cir. 2016) ("A newly advanced position, crafted only to exonerate litigation misconduct, need not be believed.").

Dismissal is appropriate when a prisoner, who is barred from proceeding *in forma pauperis*, initiates a lawsuit without prepaying the filing fee. *Sloan*, 181 F.3d at 858-59. Here, Plaintiff's assertion of imminent danger was so baseless as to be frivolous. This lawsuit therefore must be dismissed. *See id.* Dismissal with prejudice is warranted to send an unambiguous message to Plaintiff that frivolous assertions of imminent danger will not be tolerated. This measure is particularly appropriate here given that this Plaintiff—Firas M. Ayoubi—is aware of his obligation to be punctiliously honest in all his interactions with the federal courts. *See, e.g., Ayoubi*, 640 Fed. App'x at 528 (explaining that dismissal with prejudice "is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary"); *Ayoubi v. Dart*, No. 14 C 1701 (N.D. Ill.), at Dkt. 15 (dismissing case for fraud on court and as malicious after Plaintiff misrepresented facts in his amended complaint to survive screening).

That is not all. Plaintiff also must pay the full statutory filing fee for initiating this case, *see* 28 U.S.C. § 1915(b)(1); *Sloan*, 181 F.3d at 859, as well as all of his outstanding filing fees. Plaintiff owes a total of $4,025.82 for unpaid filing fees[1]: $19.97 in *Ayoubi v. Contreras*, No. 13 C 8556 (N.D. Ill.); $44.00 in *Ayoubi v. Dart*, No. 13 C 8983 (N.D. Ill.); $18.51 in *Ayoubi v. Dart*, No. 14 C 0050 (N.D. Ill.); $350.00 in *Ayoubi v. Dart*, No. 14 C 0549 (N.D. Ill.); $248.37 in *Ayoubi v. Mulligan*, No. 14 C 0602 (N.D. Ill.); $350.00 in *Ayoubi v. Dart*, No. 14 C 1703 (N.D. Ill.); $350.00 in *Ayoubi v. CBM Premier Mgmt., LLC*, No. 14 C 4306 (N.D. Ill); $350.00 in *Ayoubi v. Dart*, No. 14 C 5089 (N.D. Ill.); $350.00 in *Ayoubi v. Cook County Sheriff's Office*, No. 14 C 5179 (N.D. Ill.); $429.97 in *Ayoubi v. Dart*, No. 14-2964 (7th Cir.); $505.00 in *Ayoubi v. Dart*, No. 14-3523 (7th Cir.); $505.00 in *Ayoubi v. Dart*, No. 14-3553 (7th Cir.); $505.00 in *Ayoubi v. Norgle*, No. 18-2870 (7th Cir.).

Plaintiff initiated all but one of the cases for which he owes fees in 2013 and 2014, before he struck out under 28 U.S.C. § 1915(g). Consequently, he was allowed to pay the filing fees in installments but, in many cases, that resulted in him paying little toward the fees or avoiding payment entirely. This is so even though he represented in March 2017 that he had more than $21,000.00 in his Cook County Jail trust fund account, *see Ayoubi v. Dart*, No. 13 C 8983 (N.D. Ill.), at Dkt. 168, and a search of U.S. PACER reveals that he has prepaid the filing fee for several lawsuits and appeals initiated since that time.

"[E]veryone allowed to proceed *in forma pauperis* owes the fees and must pay when able." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Plaintiff left his substantial debt to this Court unpaid even though he had the means, in 2017, to pay his outstanding balances and even though he has had the funds to initiate new lawsuits and appeals. The Court therefore finds it necessary to restrict Plaintiff's ability to litigate in this district while his debt remains unpaid. *See Sloan*, 181 F.3d at 859 ("unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation"). The Court refers this matter to the Executive Committee with a recommendation that Plaintiff be barred from filing further actions in this Court until he has paid in full all outstanding fees.

Date: November 2, 2020 /s/Virginia M. Kendall
United States District Judge

---

[1] Plaintiff has initiated many more federal lawsuits and appeals than identified in this order. The listed cases represent only those cases in which he owes filing fees in this district.